## City of Decatur v. Henry Besten.

1. SIDEWALKS—*Negligence in Repairing a Question of Fact.*—
Whether a sidewalk has been out of repair a sufficient length of time to
warrant the imputation of negligence on the part of a city is a question
of fact.

2. CITIES—*Duty of Keeping Sidewalks in Repair.*—The design of
the law is that the sidewalks of a city shall be safe and free from
danger, but cities are not charged with the absolute duty of making
and keeping their walks safe. They are only required to use reasonable
exertion to accomplish that end.

**Trespass on the Case,** for personal injuries. Appeal from the Cir-
cuit Court of Macon County; the Hon. EDWARD P. VAIL. Judge, presid-
ing. Heard in this court at the November term, 1896. Affirmed.
Opinion filed February 25, 1897.

J. M. LEE, attorney for appellant.

ALBERT G. WEBBER, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF
THE COURT.

Appellee recovered judgment in the sum of $1,000, for in-
juries received by a fall upon a sidewalk in the appellant
city.

The contention of the appellant city, that it did not appear
it had actual notice of the unsafe condition of the sidewalk
in question, can not be sustained.

It appeared complaint was made prior to the time appel-
lee was hurt, to Alderman Aphrens that this sidewalk in
question was in general unsafe, and that he introduced a res-
olution in the city council that it be repaired. The in-
formation did not perhaps specify the precise defect which
caused the appellee to be injured but it was sufficient to
attract the attention of the council to the fact the condition
of the walk at that point demanded attention.

The testimony of several witnesses was such as to warrant
the jury in believing the sidewalk at the place where the

City of Decatur v. Besten.

appellee was hurt had been in bad condition for a period of six months prior thereto, so the other contention, notice of the defect, could not be imputed and must be overruled.

Whether the appellee was in the exercise of ordinary care is much discussed in the briefs.

It was a question of fact, and we are unable to say the jury were manifestly wrong in their decision upon it.

Nor can we say the damages awarded ($1,000) are excessive. There was testimony tending to show the injury is incurable, and that the appellee may be permanently lame in one leg. Whether the sidewalk had been out of repair a sufficient length of time to warrant the imputation of negligence was a question of fact.

Therefore the court should not have advised the jury, as was done by an instruction, the evidence was sufficient upon the point if it appeared the defect had existed for a period of six months prior to the time of the injury to the appellee.

But surely no one would contend, as a matter of fact, the imputation of negligence would not arise from the existence of a defect for such a period of time when the city, as here, had actual notice the walk was in general in need of attention and repair. Hence the error in the instruction is not within itself such as to demand a reversal of the judgment.

We do not think ground for reversal exists because of the declaration in another instruction given for the plaintiff below, that it was the duty of the city to use *all* reasonable care to the end the sidewalk should be reasonably safe. The criticism upon it is, " *all* reasonable care " is a higher degree of care than merely reasonable care.

The design of the law is, the sidewalks of a city shall be safe and free from danger. The city is not, however, charged by law with the absolute duty of making and keeping its walks safe, but is required to use reasonable exertion to accomplish that end. It may omit nothing that reasonable diligence and care would demand. Hence *all* reasonable care is within the rule of duty.

The sidewalk was within the corporate limits, and the obligation of the city to exercise ordinary care and prudence to keep it in a safe condition, our Supreme Court has declared, was not lessened or changed by the fact it was not as much in use as walks in more frequented streets. City of Flora v. Nanney, 136 Ill. 48.

The action of the court in giving, refusing and modifying instructions was in harmony with the principles announced by our Supreme Court in the case cited.

The fourth refused instruction was fully covered by the ninth, which was given.

Instructions Nos. 8 and 10, which were refused, were, so far as proper to be given, repetitions of principles announced in Nos. 6, 7 and 14, which were given.

We do not find error of reversible character. The judgment is affirmed.